**Roland MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–02–305–CR.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

May 20, 2004.

Rehearing Overruled June 17, 2004.

Philip Thomas Cowen, Brownsville, for Appellant.

Robert H. Moore, Jr., Asst. County (Criminal Dist.) Atty., Yolanda De Leon, Dist. Atty., Brownsville, for State.

Before Justices YAÑEZ, GARZA, and BAIRD.[1]

**OPINION**

Opinion by Justice BAIRD (Assigned).

Appellant was charged in a three count indictment with the offenses of aggravated

**1.** Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon Supp. 2004).

sexual assault, sexual assault, and indecency with a child. The indictment further alleged a prior felony conviction for the purpose of enhancing the range of punishment. Appellant pled guilty to indecency with a child, enhanced, and the prosecutor agreed not to adjudicate the assault charge and make no recommendation regarding sentencing. The trial judge assessed punishment at twenty-five years confinement in the Texas Department of Criminal Justice—Institutional Division. We dismiss.

The 2003 amendments to the Texas Rules of Appellate Procedure require the trial court to certify a defendant's right to appeal. See Tex.R.App. P. 25.2(a)(2). On August 28, 2003, we abated this appeal to give the trial court the opportunity to file the certification. We received the certification on September 25, 2003. See Tex. R.App. P. 25.2(d). The certification states that this is "a plea bargain case, and the defendant has no right of appeal."

■ Under the plea agreement in this case, the appellant agreed to plead guilty to a lesser offense and the prosecutor agreed to refrain from bringing other charges. According to the Texas Court of Criminal Appeals, a "charge bargain," as in the instant case, affects punishment. See Shankle v. State, 119 S.W.3d 808, 813 (Tex.Crim.App.2003). Accordingly, because the appellant pleaded guilty and the "punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," we hold that the plea-bargaining appellant had no right of appeal. See id. at 814.

■ In his sole issue, appellant argues that the State breached the plea agreement by making a specific punishment recommendation to the court. Based on our review of the record, we agree. However, we need not consider what effect this could have on appellant's right to appeal because the issue has not been preserved for our review. Following trial, defense counsel filed a motion for new trial but did not raise the State's breach of the agreement as a ground for relief.

In Mason v. State, 604 S.W.2d 83, 84 (Tex.Crim.App. [Panel Op.] 1979), the State violated the plea agreement by making an argument on the issue of punishment. On appeal, the defendant sought reversal because of the State's breach. However, the Texas Court of Criminal Appeals affirmed because the State's "argument was made without objection and appellant did not request to withdraw his plea of guilty." Id. In light of Texas Rule of Appellate Procedure 33.1, requiring the preservation of appellate complaints, and Mason, we are constrained to hold the issue has not been preserved for our review.

We dismiss this appeal.[2]

---

2. We note that appellant was represented by the same counsel in the trial court as on appeal. This opinion will not prevent appellant from seeking relief in an application for writ of habeas corpus. Ex parte Varelas, 45 S.W.3d 627, 629–30 (Tex.Crim.App.2001).