NOS.
12-08-00364-CR

     
12-08-00365-CR

 

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

ROBERT
RAY KASSUBE,                               '                 APPEAL FROM THE 241ST

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

            Robert
Ray Kassube appeals his convictions for possession of a controlled substance
with intent to deliver (trial court number 241-0465-08) and manslaughter (trial
court number 241-0580-08).  In two issues, Appellant argues that the trial
court violated a charge bargain in both cases and that the trial court
improperly assessed restitution in the possession case.  We affirm.

 

Background

            Appellant
was charged by indictment with possession of a controlled substance with intent
to deliver and manslaughter.  Subject to a charge bargain, Appellant pleaded
guilty to both offenses.  After finding Appellant guilty of both offenses, the
trial court sentenced him to imprisonment for life in the possession case and
imprisonment for twenty years in the manslaughter case.  The court also
assessed a $10,000 fine and restitution in each case.  These appeals followed.

Consideration
of Unadjudicated Offenses

            In
his first issue, Appellant asserts that the trial court erred by failing to
follow the terms of the charge bargain between Appellant and the State. 
Specifically, Appellant alleges the charge bargain in question called for the
trial court to consider three additional unadjudicated offenses when assessing
punishment in the manslaughter case, but not in the possession case.[1]
  See Tex. Penal
Code Ann. § 12.45
(Vernon 2003).  Appellant argues that the trial court violated this
agreement by considering the offenses when assessing punishment in both cases.

Applicable
Law

            The
two basic kinds of plea bargaining in the United States are charge bargaining
and sentence bargaining.[2]  Shankle v. State,
119 S.W.3d 808, 813 (Tex. Crim. App. 2003); see Black’s Law Dictionary 1270 (9th ed. 2009).  Charge
bargaining involves questions of whether a defendant will plead guilty to the
offense that has been alleged or to a lesser or related offense, and of whether
the prosecutor will dismiss, or refrain from bringing, other charges. Shankle,
119 S.W.3d at 813; see Black’s
Law Dictionary 1270.  Sentence bargaining may be for binding or
nonbinding recommendations to the court on sentences, including a recommended
“cap” on sentencing or a recommendation for deferred adjudication probation.  Shankle,
119 S.W.3d at 813; see Black’s
Law Dictionary 1270.  “There can be other kinds of plea bargains that
include other considerations, but they are far fewer in number.”  Shankle,
119 S.W.3d at 813; see State v. Moore, 240 S.W.3d 248, 250-51 (Tex.
Crim. App. 2007) (discussing the wide range of possible plea bargain provisions
and the freedom of parties to make creative agreements).

            The
Texas Code of Criminal Procedure provides that before the trial court accepts a
plea of guilty or nolo contendere from a defendant, it shall inquire as to the
existence of a plea bargain agreement.  Tex.
Code Crim. Proc. Ann. art. 26.13(a)(2) (Vernon 2009).  The Code further
mandates that the court “shall inform the defendant whether it will follow or
reject such agreement in open court and before any finding on the plea.” Id.  “[W]hen a defendant enters
a plea of guilty or nolo contendere pursuant to a plea bargain agreement with
the prosecutor, and the plea is accepted and the agreement is approved by the
trial judge, the defendant is entitled to specific enforcement if the agreement
can be enforced, or, if not enforceable, is entitled to withdraw his plea.” Perkins
v. Court of Appeals, 738 S.W.2d 276, 283 (Tex. Crim. App. 1987).

Discussion

            Appellant’s
plea hearing was on July 25, 2008.  At that hearing, the trial court was
presented with a document in each case entitled “Agreed Punishment
Recommendation.”  The documents were signed by Appellant, defense counsel, and
an assistant district attorney.  In both cases, it was agreed that any prison
sentences would run concurrently.  The recommendation in each case also noted
that an “OPEN PLEA” was “mutually recommended.”[3]
  In the
manslaughter case, the recommendation included the following provision:

 

 

6. (  )    Pursuant
to PC Article 12.45, the Court can consider the following unadjudicated 

                offenses: 
 C/N 241-0579-08 PCS w/Intent;  241-0582[-]08 Endangering a child

                and
C/N 241-0581-08 PCS w/Intent.

 

 

No such
language was included in the recommendation for the possession case.  

            Appellant
argues that the absence of any mention of the unadjudicated offenses on the
recommendation for the possession case demonstrates that the State and
Appellant had agreed to have these offenses considered by the trial court only
when assessing punishment in the manslaughter case.  However, the parties
failed to check mark provision 6 on the manslaughter recommendation. 
Provisions 3 and 8 of the manslaughter plea agreement contained a
recommendation as to restitution and a designation of Appellant’s plea as an
“open plea.”  The parties had check marked both of these provisions.  Further,
this document provided that “ANY CHANGES, ADDITIONS OR ALTERATIONS TO THE
ORIGINAL CONTENT OF THIS DOCUMENT MUST BE INITIALED AND DATED BY ALL PARTIES TO
THE CHANGES, ADDITIONS, OR ALTERATIONS FOR THEM TO BE VALID.”

            At
the plea hearing, perhaps because the parties had failed to check mark
provision 6, the trial court asked if it would be considering the three
offenses when assessing punishment in the manslaughter case.  Both parties
stated, “That’s correct.”  The possession case was not addressed.  At the
sentencing hearing, when discussing the plea agreement regarding the two cases,
the trial court inquired if the three unadjudicated offenses were “under
12.45.”  Appellant and the State agreed, without any qualifications, that they
were.  Further, during the trial court’s oral pronouncement of sentence in the
possession case, Appellant requested that the three unadjudicated offenses be
considered.[4]
 The trial
court later stated on the record that it had considered the unadjudicated
offenses in both cases.  No objection was made by either party.  The record
does not contain any evidence as to whether this alleged deviation from the
plea agreement was intended by the trial court or either party.

            The
written recommendations, by themselves, evince that the agreement between the
parties did not include consideration of the unadjudicated offenses when
assessing punishment in the possession case.  However, in order to preserve
error for appellate review, it was incumbent upon Appellant to bring to the
trial court’s attention any failure by the trial court to follow the plea
agreement.  See Tex. R. App. P.
33.1 (setting forth the general rule for error preservation); see
also Martinez v. State, 159 S.W.3d 655, 656 (Tex. App.–Corpus
Christi 2004, no pet.) (requiring error preservation under rule 33.1); Ballard
v. State, 149 S.W.3d 693, 695-96 (Tex. App.–Austin 2004, pet. ref’d)
(same).  But compare Santobello v. New York, 404 U.S. 257,
262, 92 S. Ct. 495, 499, 30 L. Ed. 2d 427 (1971) (“Those circumstances will
vary, but a constant factor is that when a plea rests in any significant degree
on a promise or agreement of the prosecutor, so that it can be said to be part
of the inducement or consideration, such promise must be fulfilled.”), with Marin
v. State, 851 S.W.2d 275, 278-280 (Tex. Crim. App. 1993) (explaining
that some rights are not subject to forfeiture or procedural default by simple
inaction).  Because Appellant failed to do so, his issue is not preserved for
Appellant review.  See Tex. R.
App. P. 33.1; Martinez, 159 S.W.3d at 656; Ballard,
149 S.W.3d at 695-96.  We overrule Appellant’s first issue.

 

Restitution

            In
his second issue, Appellant argues that the trial court’s assessment of
restitution in the possession case was improper because it assessed restitution
payable to the Texas Department of Public Safety (DPS).  According to Appellant,
the trial court lacked the legal authority to assess restitution to an entity
that was not a victim of the charged offense.  In addition, Appellant argues
that the trial court’s restitution assessment lacks any evidentiary basis in
the record.

            As
part of the plea agreement in the possession case, the parties agreed to
“payment of RESTITUTION in the amount to be determined by the [presentence
investigation report].”  This agreement also indicated that the restitution was
related to a “lab fee” and referenced the number “140.”  This agreement was
presented to the trial court at the plea hearing.

            The
presentence investigation report indicated that the DPS’s crime laboratory had
incurred $140.00 in costs in relation to its analysis of the controlled substances
seized in the case.  This matched the information set forth in the plea
agreement.  In accord with the wishes of both parties and the evidence before
it, the trial court stated at the sentencing hearing that “[r]estitution is
ordered to DPS in the amount indicated to be due with a lab fee analysis in the
presentence.”  The trial court’s judgment includes a restitution assessment of
$140.00 to the DPS.

            At
no point did Appellant raise in the trial court any legal or factual ground in
opposition to the restitution assessment.  Instead, the record shows that the
trial court assessed restitution in Appellant’s possession case in response to
the plea agreement entered into by Appellant.  In light of these circumstances,
we hold that by failing to complain of the trial court’s assessment of
restitution, Appellant failed to preserve for appellate review his argument
that the trial court lacked the legal authority to assess restitution to the
DPS.  See Idowu v. State, 73 S.W.3d 918, 921 (Tex. Crim. App.
2002); Lemos v. State, 27 S.W.3d 42, 46-47 (Tex. App.–San Antonio
2000, pet. ref’d); see also Tex.
R. App. P. 33.1.  Further, by expressly requesting that the trial court
assess the aforementioned restitution to the DPS, Appellant waived his right to
complain that such an assessment lacked the necessary evidentiary support.  See
Campbell v. State, 5 S.W.3d 693, 700-02 (Tex. Crim. App. 1999)
(parties may agree to waive due process rights regarding restitution); see
also Moore, 240 S.W.3d at 251 (court of criminal appeals will not
interfere with plea agreement terms “unless they appear to be manifestly
unjust.”); Marin, 851 S.W.2d at 278-280 (explaining that some
matters may be expressly waived).  But see Ex parte Sims, 868 S.W.2d
803, 804 (Tex. Crim. App. 1993) (an absolute requirement or prohibition may not
be lawfully avoided, even by express consent).  We overrule Appellant’s second
issue.

 

Disposition

            We
affirm the judgments of the trial court.  All pending motions are
overruled as moot.

 

                                                                                                Brian Hoyle

                                                                                                     
Justice

 

 

 

 

Opinion delivered February 26,
2010.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









                        [1] Unlike the
manslaughter case, the maximum potential sentence in the possession case was
life imprisonment. Compare Tex.
Health & Safety Code Ann. § 481.112(d) (Vernon 2003) with Tex. Penal Code Ann. § 19.04 (Vernon
2003).

 





                [2] Both charge
bargains and sentence bargains can result in a “plea bargain case” as defined
by rule 25.2(a)(2) of the Texas Rules of Appellate Procedure.  Shankle v.
State, 119 S.W.3d 808, 812-14 (Tex. Crim. App. 2003); see Tex. R. App. P. 25.2(a)(2).





                [3] The term “open
plea” is an imprecise legal term of art.  In some instances, it has been
defined to involve a plea where charge bargaining, but not sentence bargaining,
has occurred.  See, e.g., Moore, 240 S.W.3d at 254 (“The parties
used the term ‘open plea’ at the plea bargain hearing, essentially
acknowledging that the guilty plea would become open as to sentencing
implications.”); Hargrove v. State, No. 05-96-01669-CR, 1999 WL
243473, at *2 (Tex. App.—Dallas Apr. 27, 1999, no pet.) (not designated for
publication) (“The [trial] court stated, ‘An open plea means there is no
agreement as to punishment.’”).  In other instances, it has been defined to
involve a plea where no plea bargaining of any kind has occurred.  See,
e.g., Brumit v. State, 206 S.W.3d 639, 641 (Tex. Crim. App. 2006)
(“The [trial] [c]ourt:  Do you understand an open plea to the Court means there
is no plea agreement between you and your attorney and the State’s attorney?”);
Beasley v. State, No. 05-97-01374-CR, 1999 WL 42045, at *1 (Tex.
App.—Dallas Feb. 2, 1999, no pet.) (not designated for publication) (“Further,
at the plea hearing, the magistrate stated, ‘[T]his is an open plea . . . which
means there is no plea bargain agreement.’”).  Black’s Law Dictionary contains
no listing for the term “open plea.”  However, Black’s defines a “blind plea”
as “[a] guilty plea made without the promise of a concession from either the
judge or the prosecutor.”  Black’s Law
Dictionary 1268.

 





                        [4] Counsel for
Appellant was unable to finish his sentence, and it is unclear whether he intended
his request to be that the trial court consider the unadjudicated offenses for
the manslaughter case only.