

# NUMBERS 13-13-00090-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DIANE MARIE MUSACHIA,**                                             **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                             **Appellee.**

---

### On appeal from the 24th District Court
### of DeWitt County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria
Memorandum Opinion by Justice Perkes**

Appellant Diane Marie Musachia appeals her conviction of possession with intent to deliver four to two hundred grams of methamphetamine, a first-degree felony. TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6); 481.112(d) (West, Westlaw through 2013 3d C.S.). Appellant pleaded guilty, and the trial court assessed punishment at thirty years

of confinement in the Texas Department of Criminal Justice, Institutional Division. By two issues, appellant argues: (1) the State breached the plea agreement; and (2) the State made improper closing argument. We affirm.

## I. BACKGROUND

Appellant, appellant's attorney, and a State prosecutor signed a plea agreement, whereby appellant agreed to plead guilty in open court in exchange for the State agreeing not to recommend a sentence of more than eighteen years' confinement.[1] The agreement required appellant to "honestly debrief before sentencing and submit to polygraph at State's discretion."

At the plea hearing, the trial court acknowledged the terms and conditions of the agreement and admonished appellant of her rights. The court explained to appellant the applicable range of punishment and told her that it was not bound by the plea bargain but that it would let her withdraw her guilty plea or enter a plea of not guilty if the court decided against following the plea bargain. Appellant stated that she understood her rights, options, and the impact of her plea. Appellant thereafter pleaded guilty, and the trial court set the case for trial on punishment.

During the bench trial on punishment, the State informed the trial court that the plea bargain was no longer binding because appellant failed to comply with it. The State explained:

> We had originally had a deal with the defendant that if she plead guilty and fully and honestly debriefed with law enforcement that we would cap the punishment at eighteen years. I believe all parties are in agreement that that agreement has not been complied with and that this is just an open

---

[1] The agreed cap on punishment excluded a fine, and the State also agreed to dismiss a pending state jail felony against appellant.

2

sentencing in which the entire range of punishment is available to the court for its consideration.

If the defendant takes issue with that they can bring it up and we can discuss it but I believe we're all in agreement that there is no cap and the State is not going to be bound by the cap that we had offered had there been a full and honest debriefing by the defendant.

Appellant did not object or otherwise contest the State's abandonment of the plea agreement. Appellant neither objected to the State's recommended sentence nor the trial court's actual sentence. Appellant filed a motion for new trial but did not mention the State's noncompliance with the plea bargain as a ground for relief; instead, she only challenged the punishment as cruel and unusual.

## II.  PRESERVATION

By her first issue, appellant argues that the State violated the plea agreement by requesting a sentence of more than eighteen years. Because appellant introduces this argument for the first time on appeal, we overrule it as unpreserved.

"Preservation of error is a systematic requirement of every appeal." *Moore v. State*, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009). Before a party may complain on appeal, the record must show that the party made the complaint to the "trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make trial court aware of the complaint." TEX. R. APP. P. 33.1(a)(1)(A); *see Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007). Errors related to noncompliance with a plea bargain must be raised in the trial court to preserve them for consideration on appeal. *See Martinez v. State*, 159 S.W.3d 655, 656 (Tex. App.—Corpus Christi 2004, no pet.); *Ballard*

3

*v. State*, 149 S.W.3d 693, 696 (Tex. App.—Austin 2004, pet. ref'd); *see also Stermer v. State*, No. 02-07-00425-CR, 2009 WL 1035237, at *4 (Tex. App.—Fort Worth Apr. 16, 2009, no pet.) (mem. op., not designated for publication); *Gloria v. State*, No. 13-01-00367-CR, 2002 WL 1965336, at *2 (Tex. App.—Corpus Christi Aug. 22, 2002, no pet.) (not designated for publication). The issue may be preserved by objection or, if there is little opportunity to object at trial, in a motion for new trial. *See, e.g., Bitterman v. State*, 180 S.W.3d 139, 143 (Tex. Crim. App. 2005) (holding issue of noncompliance with a plea bargain preserved because appellant raised it in new-trial motion); *see also Martinez*, 159 S.W.3d at 656 (holding noncompliance issue unpreserved because there was no objection and the motion for new trial did not raise it); *Gloria*, 2002 WL 1965336, at *2 (same).

Appellant had multiple opportunities to object but failed to do so. The State expressly invited appellant to object if she disagreed that the plea agreement was inapplicable. Appellant failed to object when the State asked for a forty-year sentence, and her motion for new trial did not assert any noncompliance claim. We overrule appellant's first issue as unpreserved. *See* TEX. R. APP. P. 33.1; *Martinez*, 159 S.W.3d at 656; *Ballard*, 149 S.W.3d at 696; *see also Stermer*, 2009 WL 1035237, at *4; *Gloria*, 2002 WL 1965336, at *2.

### III. PUNISHMENT ARGUMENT

By her second issue, appellant contends the trial court erred by overruling her objection to the State's sentencing argument. Specifically, appellant contends the

4

following comments that were made during the State's closing argument improperly referenced facts[2] outside the record:

> Bobby Bell likes to tell a story about the drug dealer that they caught that had a map of Texas drawn—
>
> . . . .
>
> . . . He [Bobby Bell] likes to make the argument that the map showed that they had a circle around Jackson County basically reflecting nobody ought to go into Jackson County, which is pretty good advice if you are going to be selling drugs.   He has a right to be proud of that.
>
> By the same token, DeWitt County has always been extremely tough on drug dealers.   Anytime we've tried them they've gotten virtually the max . . . .

## A.    Standard of Review

We review a trial court's rulings on objections to argument for an abuse of discretion.   *York v. State*, 258 S.W.3d 712, 717 (Tex. App.—Waco 2008, pet. ref'd); *Cole v. State*, 194 S.W.3d 538, 546 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Montgomery v. State*, 198 S.W.3d 67, 95 (Tex. App.—Fort Worth 2006, pet. ref'd).   We uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Espinosa v. State*, 328 S.W.3d 32, 38 (Tex. App.—Corpus Christi 2010, pet. ref'd) (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)).   The State's argument must fall within one of the four permissible areas of jury argument:   (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to an argument of opposing counsel; or (4) plea for law enforcement.   *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011) (citing *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App.

---

[2] Bobby Bell is the District Attorney for the adjacent Jackson County.

2008)); *Lopez v. State*, 288 S.W.3d 148, 159–60 (Tex. App.—Corpus Christi 2009, pet. ref'd); *see Harris v. State*, 996 S.W.2d 232, 237 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (confirming four "categories apply equally to both the guilt-innocence and punishment phases of a criminal trial."). The State may not use argument to introduce evidence "which is outside the record and prejudicial to the accused." *Borjan v. State*, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990) (en banc) (citing *Everett v. State*, 707 S.W.2d 638, 641 (Tex. Crim. App. 1986) (en banc); *Jackson v. State*, 529 S.W.2d 544, 546 (Tex. Crim. App. 1975)).

## B.    Discussion

The complained-of remark was a plea for law enforcement. Although the story included facts from outside the record, they were not the type of facts proscribed by law; the facts were unrelated to appellant and her trial, and they did not prejudice appellant more than any other plea for law enforcement. *See, e.g., Borjan*, 787 S.W.2d at 57 (disdaining use of facts that not only come from outside the record but that are also prejudicial to accused); *Everett*, 707 S.W.2d at 641 (same). The State's story invited a tough-on-crime approach to drug offenses, which is a valid plea for law enforcement. *See Borjan*, 787 S.W.2d at 55 ("A proper plea for law enforcement may take many forms, one of which is to argue the relationship between the [fact finder's] verdict and the deterrence of crime in general.").

Anticipating the foregoing assessment, appellant claims that the State's argument was an improper plea for law enforcement because it demanded satisfaction of community expectations. *Cf. Cortez v. State*, 683 S.W.2d 419, 420–21 (Tex. Crim. App.

1984) (en banc) (holding as improper argument premised on public sentiment and desire, rather than on evidence; and that further invited jury to "lend its ear to the community" rather than simply being voice of the community). We disagree. The State's objected-to comment did not invite the Court to rule in a manner the community demanded or expected.

Even assuming the State's argument was improper, we consider it a harmless error. Improper-argument of this type is a non-constitutional error, which we disregard unless it affects appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Freeman*, 340 S.W.3d at 728; *Martinez v. State*, 17 S.W.3d 677, 692–93 (Tex. Crim. App. 2000) (en banc). To determine whether appellant's substantial rights were affected, we balance the following factors: (1) the severity of the misconduct (prejudicial effect), (2) any curative measures, and (3) the certainty of punishment assessed absent the misconduct (likelihood of the same punishment being assessed). *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (en banc).

Here, the alleged misconduct was an isolated anecdote supporting a tough-on-crime plea for law enforcement. The rest of the State's argument focused on the details of appellant's offense and criminal history. No curative measures were taken, but it was likely appellant would have received the same punishment absent the allegedly improper reference. Based on the admitted evidence, appellant has an extensive criminal history, which most likely influenced the trial court's sentence. *See id.* at 85. Moreover, the offense to which appellant pleaded guilty was punishable by five to ninety-nine years' incarceration. TEX. PENAL CODE ANN. 12.32 (West, Westlaw through 2013 3d C.S.).

7

The State requested a forty-year sentence. The trial court's assessment of a thirty-year sentence was less than the State's requested sentence and much less than the maximum available for the offense. Thus, assuming there was error, on balancing the germane factors, we conclude the error was harmless. *See* TEX. R. APP. P. 44.2(b); *Hawkins*, 135 S.W.3d at 77. We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 14th
day of August, 2014.

8