

# NUMBERS 13-23-00247-CR, 13-23-00248-CR, 13-23-00249-CR, 13-23-00250-CR, 13-23-00251-CR, 13-23-00252-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JASON DALE JANUARY,                                    Appellant,

**v.**

THE STATE OF TEXAS,                                      Appellee.

## ON APPEAL FROM THE 24TH DISTRICT COURT OF CALHOUN COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña**
**Memorandum Opinion by Chief Justice Contreras**

Appellant Jason Dale January appeals the trial court's judgment revoking community supervision and adjudicating him guilty in six separate causes. By two issues, January argues (1) the State violated the plea agreement when it moved to cumulate the sentences, and (2) the trial court erred because it imposed fines in the final written

judgments that were not orally pronounced when he was sentenced. We affirm the judgments as modified.

## I.   BACKGROUND

On March 10, 2020, January was indicted for the state jail felony offense of theft of property greater than $2,500 but less than $30,000. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(A). From February to May of 2022, five additional indictments were filed against January, alleging twelve different sex offenses against four separate victims. In total, January was indicted and charged with seven offenses in six cause numbers:

- Appellate cause number 13-23-00247-CR: theft of property (state jail felony), *see id.*;

- Appellate cause number 13-23-00248-CR: indecency with a child by contact (second-degree felony) and indecency with a child by exposure against S.C.[1] (third-degree felony), *see id.* § 21.11(a), (d);

- Appellate cause number 13-23-00249-CR: indecency with a child by exposure against S.M. (third-degree felony), *see id.* § 21.11(a);

- Appellate cause number 13-23-00250-CR: threat to publish intimate visual material against M.B. (state jail felony), *see id.* § 21.16(c), (g);

- Appellate cause number 13-23-00251-CR: sexual performance by a child against D.J. (second-degree felony), *see id.* § 43.25; and

- Appellate cause number 13-23-00252-CR: prohibited sexual contact with a

---

[1] To protect the identity of the minor children, we refer to them by their initials as stated in the indictment. *See* TEX. CONST. art. I, § 30(a)(1) (providing that a crime victim has "the right to be treated . . . with respect for the victim's dignity and privacy throughout the criminal justice process").

descendant against D.J. (second-degree felony), *see id.* § 25.02.

January's cases were called together in one hearing. After January pleaded guilty to the charges, the trial court sentenced him in accordance with the State's recommendation as outlined in the plea bargain agreement. It first convicted January of the two state jail felony offenses, sentenced him to two years' imprisonment, suspended the sentences, and placed him on community supervision for five years. For the rest of the offenses, the court deferred adjudication and placed January on community supervision for ten years. The trial court ordered that the two terms of community supervision run concurrent with each other. The court also ordered January to pay court costs and a $1,500 fine for each offense.

On April 5, 2023, the State filed motions to revoke in all of January's cases and motions to adjudicate the offenses for which adjudication had previously been deferred, alleging that January violated the terms of his community supervision.[2] On May 11, 2023, the State filed a motion to cumulate January's sentences. A hearing was held on all of the State's motions on May 22, 2023. January pleaded "true" to the allegations in the State's motions, and the court adjudicated January guilty in each case in which adjudication had previously been deferred. The trial court then revoked January's community supervision in each cause number and sentenced him to the maximum sentence for each offense:

- two years' imprisonment for the offense of theft of property (13-23-00247-CR);

- twenty years' imprisonment for the offense of indecency with a child by contact against S.C. (13-23-00248-CR);

---

[2] The motions were amended on May 10, 2023.

3

- ten years' imprisonment for the offense of indecency with a child by exposure against S.C. (13-23-00248-CR);

- ten years' imprisonment for the offense of indecency with a child by exposure against S.M. (13-23-00249-CR);

- two years' imprisonment for the offense of publishing intimate visual material against M.B. (13-23-00250-CR);

- twenty years' imprisonment for the offense of sexual performance by a child against D.J. (13-23-00251-CR); and

- twenty years' imprisonment for the offense of prohibited sexual contact with a descendent against D.J. (13-23-00252-CR).

In accordance with the State's motion to cumulate, the court ordered the first four sentences (13-23-00247-CR through 13-23-00249-CR) run cumulatively to each other (totaling forty-two years), the last three sentences (13-23-00250-CR through 13-23-00252-CR) to run concurrently to each other (totaling twenty years), and these two sentence blocks run consecutively to each other, totaling sixty-two years' imprisonment. The trial court did not pronounce a fine for any of the offenses.

This appeal followed.

## II.   CUMULATION OF SENTENCES

By his first issue, January asserts that the trial court erred in granting the State's motion to cumulate his sentences. January argues that the trial court was bound to follow his plea bargain agreements with the State, and that because those agreements stipulated that all his sentences would run concurrently, the court erred when it granted

4

the State's motion to cumulate his sentences. January requests that this Court vacate the order to cumulate and reform the judgments to provide that all of his sentences are to be served concurrently instead of consecutively.

However, January did not make a timely, specific objection to preserve his complaint for appeal. *See* TEX. R. APP. P. 33.1(a). In *Proenza v. State*, the Texas Court of Criminal Appeals clarified that appellate courts should follow the rules of error preservation previously established in *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993). 541 S.W.3d at 793–97. Under the *Marin* framework, errors are placed in one of three "categories" of preservation depending on the rights involved: "(1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request." *Id.* at 792 (quoting *Marin*, 851 S.W.2d at 279). The *Marin* court described a category-three right as forfeitable, which can be lost "for failure to insist upon it by objection, request, motion, or some other behavior calculated to exercise the right in a manner comprehensible to the system's impartial representative, usually the trial judge." *Id.* (citing *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977)). In the middle, category-two rights "must be protected by the system's impartial representatives unless expressly waived by the party to whom they belong." *Id.* Finally, category-one *Marin* rights, described as "systemic requirements and prohibitions" that "are essentially independent of the litigant's wishes," cannot be forfeited or waived. *Id.*

An alleged breach of a plea bargain agreement is a category-three error that must be properly preserved to be reviewable on direct appeal. *See Joyner v. State*, 548 S.W.3d

731, 737–38 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd.) (holding that "alleged error constituting a purported breach of a plea agreement must be preserved for appellate review"); *Martinez v. State*, 159 S.W.3d 655, 656 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.). The issue may be preserved by objection or in a motion for new trial. *See, e.g.*, *Bitterman v. State*, 180 S.W.3d 139, 143–144 (Tex. Crim. App. 2005).

At no point did January object to the cumulation of his sentences, either during the revocation hearing or in a motion for new trial. Nor did he respond to the State's motion to cumulate his sentences. January does not cite to any authority indicating this error is a non-waivable right, and we are unable to find any. *See Proenza*, 541 S.W.3d at 793–97; *Martinez*, 159 S.W.3d at 656. Accordingly, January has not preserved this error for appellate review. *See* TEX. R. APP. P. 33.1; *Martinez*, 159 S.W.3d at 656. We overrule January's first issue.

### III.    FINES

By his second issue, January argues the court erred when it imposed a fine in its written judgment for each case because no fines were orally pronounced at the revocation and sentencing hearing.

### A.    Standard of Review & Applicable Law

Generally, when a trial court has discretion over some aspect of punishment, and the oral pronouncement conflicts with the written judgment, the oral pronouncement controls. *See Ette v. State*, 559 S.W.3d 511, 516–17 (Tex. Crim. App. 2018); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement.

6

*Taylor*, 131 S.W.3d at 500; *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (citing TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1). "The solution in those cases in which the oral pronouncement and the written judgment conflict is to reform the written judgment to conform to the sentence that was orally pronounced." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003) (first citing *Ex parte Madding*, 70 S.W.3d at 135; and then citing *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)).

However, the Texas Court of Criminal Appeals has held that "straight" or "regular" community supervision—i.e., when the trial court adjudicates the defendant guilty and imposes a sentence but suspends it—differs in this regard from deferred-adjudication community supervision. *See Taylor*, 131 S.W.3d at 502; *Coffey*, 979 S.W.2d at 329. When a defendant is convicted and placed on regular community supervision which is later revoked, any non-probated fine pronounced at the original plea hearing is properly part of the final written judgment, even if it is not orally re-pronounced at the revocation hearing. *See Taylor*, 131 S.W.3d at 502; *Coffey*, 979 S.W.2d at 329; *McCoy v. State*, 81 S.W.3d 917, 919–20 (Tex. App.—Dallas 2002, pet. ref'd). On the other hand, when a defendant is placed on deferred-adjudication community supervision which is later revoked, any fine assessed at the original plea hearing must be re-pronounced at the time of adjudication. As explained in *McCoy v. State*,

> The code of criminal procedure states that '[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, [and] pronouncement of [the defendant's] sentence . . . continue as if the adjudication of guilt had not been deferred.' Thus, once a trial court adjudicates a defendant's guilt after previously deferring adjudication, the entire range of punishment is open to the court. By adjudicating guilt, the trial court supplants its previous order deferring adjudication of guilt and imposing community supervision. The order adjudicating appellant's guilt in this case specifically 'set aside'

7

> the order deferring adjudication. Therefore, there was no longer a fine imposed on appellant as a result of the deferred adjudication order and, as stated previously, the entire punishment range for appellant's offense was open to the trial court. This differs from the revocation of a probated sentence, where a previously announced sentence is imposed by the trial court; any fine assessed at the time the sentence was probated need not be re-pronounced.

*McCoy*, 81 S.W.3d at 919 (internal citations omitted). Thus, when a fine is imposed and assessed on a defendant assigned regular community supervision—i.e., the fine is not probated—the fine can "carry over" to the final judgment without being orally pronounced again at the revocation hearing. *See Taylor*, 131 S.W.3d at 502 (following *McCoy*); *Coffey*, 979 S.W.2d at 329; *McCoy*, 81 S.W.3d at 919; *see also Willingham v. State*, No. 05-09-00321-CR, 2010 WL 2307248, at *1 (Tex. App.—Dallas June 10, 2010, no pet.) (mem. op., not designated for publication) (following *Taylor* and *McCoy*).

## B.     Analysis

During the original hearing on January's cases, the trial court adjudicated January guilty and suspended his sentences for theft and threat to publish intimate material, and it deferred adjudication for the other four cases. The court pronounced a $1,500 fine for each offense. At the revocation hearing, the court did not orally pronounce any fines, yet the final written judgment in each case included fines.

As established above, in cases where adjudication is deferred, any fine assessed must be pronounced at the time of adjudication. *See, e.g.*, *Taylor*, 131 S.W.3d at 502. Because adjudication of the four child sex abuse cases was initially deferred, the trial court's written judgment assessing fines in those cases did not comport with its oral pronouncement at the revocation hearing, which did not include any fines. *See id.*

8

(providing that the oral pronouncement controls when a conflict exists between the final written judgment of the sentence and the oral pronouncement). Accordingly, we modify the judgments to remove the fines assessed for these cases (appellate cause numbers 13-23-00248-CR, 13-23-00249-CR, 13-23-00251-CR, and 13-23-00252-CR).

As to the two state jail felony cases, 13-23-00247 (theft) and 13-23-00250 (threat to publish intimate material), we must look to see if these fines were probated or not at the original hearing. *See Taylor*, 131 S.W.3d at 502; *Coffey*, 979 S.W.2d at 329; *McCoy*, 81 S.W.3d at 919. The transcript of the hearing and the State's plea bargain agreement show the fines for both offenses were not probated. Thus, the trial court did not need to orally pronounce the fines again for these two cases at the revocation hearing because the fines had already been assessed or imposed prior to revocation. *See Taylor*, 131 S.W.3d at 502; *Coffey*, 979 S.W.2d at 329; *McCoy*, 81 S.W.3d at 919.

However, both the written suspension order and the final written judgment for these two cases assess $1,550 in fines, which is inconsistent with the $1,500 amount that the trial court orally pronounced at January's original plea hearing. [3] Here, the oral pronouncement controls. *See, e.g.*, *Ette*, 559 S.W. at 516–17. As such, we modify the fines in January's two state jail felony cases to be $1,500 as pronounced in the original plea hearing. *See* TEX. R. APP. P. 43.2(b).

In sum, we sustain this issue in part and modify the final judgments to assess the following fines: $1,500 for 13-23-00247-CR (theft), $1,500 for 13-23-00250-CR (threat to publish intimate material); and $0 for cases 13-23-00248-CR, 13-23-00249-CR, 13-23-

---

[3] The orders deferring adjudication and the final written judgments in the four child sex abuse cases also included fines exceeding the $1,500 ordered by the trial court at the original plea hearing.

00251-CR, and 13-23-00252-CR (various child sexual abuse offenses). *See* TEX. R. APP. P. 43.2(b).

## V. CONCLUSION

For each of January's cases, we overrule his first issue and sustain in part his second issue. The judgments in each case are affirmed as modified.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
4th day of April, 2024.