Jennifer Caughey, Justice
Jamal Joyner was indicted for capital murder. He pleaded guilty in exchange for the State reducing the charge to the lesser-included offense of aggravated robbery and an agreement from the State that it would recommend 50 years' confinement if Joyner testified truthfully at his codefendants' trials, if he were called as a witness.
*734 Joyner never testified at any codefendant's trial. The State contends that Joyner lied to the pre-trial investigator, which prevented the State from calling him as a witness.
At Joyner's sentencing, the State recommended confinement for life, and the trial court sentenced Joyner to 60 years in prison. Joyner appeals, arguing that the State breached the plea agreement or relatedly committed prosecutorial misconduct by not recommending 50 years' confinement.
Joyner did not preserve his complaint for our review. We affirm.
Background
In November 2012, Joyner was indicted for capital murder after he and two other men stole drugs and, in the course of the robbery, murdered one of the drug sellers. In September 2014, Joyner pleaded guilty in exchange for the State reducing his charge to the lesser-included offense of aggravated robbery. The plea agreement also stated:
The defendant agrees that he will testify truthfully if called as a witness in the prosecution of co-defendants[.] If the defendant honors this agreement the State will recommend a 50 year sentence.
The trial court accepted Joyner's guilty plea and set a sentencing hearing to occur after the codefendants' trials.
After Joyner pleaded guilty, one of his codefendants also pleaded guilty. The final codefendant went to trial and was convicted and sentenced to 10 years in prison. Joyner did not testify at that trial.
At Joyner's sentencing hearing, an investigator for the District Attorney's office testified that when Joyner was interviewed in preparation for the codefendant's trial, Joyner's version of events contradicted the testimony of his third codefendant as well as two witnesses to the robbery and murder. Accordingly, the State concluded that it could not call Joyner as a witness in his codefendant's trial because he would not offer truthful testimony.
The State asked the trial court to sentence Joyner to life in prison. The trial court sentenced Joyner to 60 years' imprisonment. Joyner appealed.
Discussion
In five issues, Joyner argues that the State breached the plea agreement and thereby engaged in prosecutorial misconduct because it recommended a life sentence instead of a 50-year sentence. Joyner contends that he preserved this complaint, or in the alternative, that we should nevertheless consider the issue because it did not require preservation. We conclude that Joyner failed to properly preserve the issue for our review.
A. Preservation
Texas Rule of Appellate Procedure 33.1 sets forth clear requirements for the preservation of error. It provides: "As a prerequisite to presenting a complaint for appellate review, the record must show" that "the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A) (emphasis added). The record also must show that the trial court either "ruled on the request, objection, or motion, either expressly or implicitly" or "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." TEX. R. APP. P. 33.1(a)(2)(A), (B). A complaint must "be clear enough to provide the judge and the opposing party an opportunity to address *735 and, if necessary, correct the purported error." Pena v. State , 353 S.W.3d 797, 807 (Tex. Crim. App. 2011) (citing Ford v. State , 305 S.W.3d 530, 533 (Tex. Crim. App. 2009) ).
Accordingly, under Rule 33.1, to preserve a complaint that the State breached a plea agreement, a defendant must bring the alleged breach to the trial court's attention with a timely request, objection or motion, and he must seek a ruling on the issue. TEX. R. APP. P. 33.1(a). As the Court of Criminal Appeals has explained, one can preserve a breach-of-the-plea-agreement argument by bringing the issue to the trial court's attention as soon as the error can be cured, either by objecting at the time of the breach or moving for a new trial to compel specific performance of the plea agreement. See Bitterman v. State , 180 S.W.3d 139, 144 (Tex. Crim. App. 2005) ("Appellant properly preserved the issue of the plea bargain breach by bringing it to the trial court's attention as soon as the error could be cured, in a motion for a new trial.").
Similarly, the proper method of preserving error in cases of prosecutorial misconduct is to (1) object on specific grounds, (2) request an instruction that the factfinder disregard the comment, and (3) move for a mistrial. See Hajjar v. State , 176 S.W.3d 554, 566 (Tex. App.-Houston [1st Dist.] 2004, pet. ref'd) (citing Penry v. State , 903 S.W.2d 715, 764 (Tex. Crim. App. 1995) ); see also Patterson v. State , 496 S.W.3d 919, 929 (Tex. App.-Houston [1st Dist.] 2016, pet. ref'd) ("Defense counsel did not assert that the State misled the court or otherwise engaged in prosecutorial misconduct. Thus, Patterson has not preserved any alleged prosecutorial misconduct issue for appellate review.").
Joyner failed to bring his arguments to the trial court's attention and to seek a ruling on them. In particular, at Joyner's sentencing hearing, the State did not request the 50-year sentence originally agreed upon because the State contended that Joyner did not honor his obligations in the plea agreement. The record reflects that the State instead recommended a life sentence.
But Joyner made no objection at the sentencing hearing on the basis that the State breached the plea agreement or engaged in prosecutorial misconduct. Instead, Joyner's sole objection was that Joyner's sentence should not be based on the expectations of the complainant's family:
Prosecutor: On behalf of [the complainant's] family, I'm looking for justice as well. I think he deserves a life sentence because he pulled a swindle on all of us including this family. Give us the justice they deserve in the [codefendant's] trial.
Defense counsel: Your Honor, I must object to appealing to the expectation of other people as to what your sentence should be. I just want to lodge that objection to that argument.
Contrary to Joyner's contention, this objection-which was specific "to appealing to the expectation of other people"-does not raise the issue of breach of a plea agreement or prosecutorial misconduct, as required by Rule 33.1. There is no indication in the record of any objection on this basis.
Likewise, Joyner never moved for a new trial on the basis that the State breached the plea agreement or committed prosecutorial misconduct. Instead, at no point while the trial court had the ability to address the issue did Joyner bring this complaint to the trial court's attention and seek a ruling on it.
Because Joyner failed to raise the issue below, he did not preserve it for appeal.
*736 TEX. R. APP. P. 33.1(a)(1) ; Bitterman , 180 S.W.3d at 144 (breach-of-plea-agreement error was preserved when defendant raised it in motion for new trial); Hajjar, 176 S.W.3d at 566 (addressing prosecutorial misconduct argument and concluding: "By failing to object on this theory at trial, appellant has preserved nothing for our review."); Martinez v. State , 159 S.W.3d 655, 656 (Tex. App.-Corpus Christi 2004, no pet.) ("[A]ppellant argues that the State breached the plea agreement by making a specific punishment recommendation to the court. Based on our review of the record, we agree. However, we need not consider what effect this could have on appellant's right to appeal because the issue has not been preserved for our review.").
B. Reviewable error
Joyner contends that we should address his complaint even if he did not preserve it because breach of a plea agreement constitutes "fundamental error" that must be dealt with even when it is raised for the first time on appeal. We disagree.
The Court of Criminal Appeals has described "the Texas criminal adjudicatory system as containing error-preservation 'rules of three distinct kinds: [rules for alleged error concerning] (1) absolute requirements and prohibitions; (2) rights of litigants that must be implemented by the system unless expressly waived; and (3) rights of litigants that are to be implemented upon request.' " Proenza v. State, 541 S.W.3d. 786, 792, No. PD-1100-15, 2017 WL 5483135, at *3 (Tex. Crim. App. Nov. 15, 2017) (quoting Marin v. State , 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) ). These are known as the three Marin categories. See ids="9998620" index="12" url="https://cite.case.law/sw2d/851/275/#p279">id. (citing Marin , 851 S.W.2d at 279 ). The first category concerns systemic requirements, i.e. , laws "that a trial court has a duty to follow even if the parties wish otherwise." Mendez v. State , 138 S.W.3d 334, 340 (Tex. Crim. App. 2004). The second category of waivable rights are "rights of litigants which must be implemented by the system unless expressly waived." Id. (internal quotation marks omitted).
If an alleged error falls into one of the first two Marin categories-if it involves (1) a violation of an absolute systemic requirement, or (2) a violation of a right that is waivable only-it may be raised for the first time on appeal. See Mendez , 138 S.W.3d at 342 ; Saldano v. State , 70 S.W.3d 873, 887 (Tex. Crim. App. 2002) ; Marin , 851 S.W.2d at 279.
All other complaints, "whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)." Mendez , 138 S.W.3d at 342. "A cursory examination of the myriad evidentiary and procedural rules compris[ed by] our system reveals that most [rights] are of this [forfeitable] type.... In short, the rights of litigants in our system are usually forfeited by a failure to exercise them." Id. at 340-41 (quoting Marin , 851 S.W.2d at 278 ).
In assessing whether to address Joyner's unpreserved complaint that the State breached the plea agreement, we consider which of the three Marin categories applies here. See Proenza , 541 S.W.3d. at 792-93, 2017 WL 5483135, at *3. To analyze this question, we follow the process set forth by the Court of Criminal Appeals. The Court has "characterized Marin as holding 'that the general preservation requirement's application turns on the nature of the right allegedly infringed,' as opposed to 'the circumstances under which it was raised.' That is, a proper determination of a claim's availability on appeal should not involve peering behind the procedural-default curtain to look at *737 the particular 'circumstances' of the claim within the case at hand." Id. at 796, at *6 (first quoting Grado v. State , 445 S.W.3d 736, 739 (Tex. Crim. App. 2014), then quoting Ex parte Heilman , 456 S.W.3d 159, 165-66 (Tex. Crim. App. 2015) ). "[D]etermining a threshold issue of procedure based on the claim's merits results in an analytical hiccup[.]" Id. (internal quotation marks omitted).
Accordingly, the "operative question [in this case] is now whether, in the Texas adversarial system as a whole, claims of error [based on the State's alleged breach of a plea agreement] fall within Marin 's third class of forfeitable events." Id. at 797, 799-800, at *7, *9 ("Some claims, by their very utterance and irrespective of the level of harm resulting therefrom, are of such a 'fundamental' nature that they are worth reaching on appeal whether they were preserved at trial or not.... We do not, then, suggest that every claim brought under Article 38.05 is meritorious or even likely to be so; we speak only on the issue of preservation").[1]
At oral argument, Joyner asserted that the alleged error in this case falls into Marin category one-a violation of a systemic requirement. But Joyner cites no authority for the proposition that breach of a plea agreement or related prosecutorial misconduct is a violation of a systemic requirement (or a right that is waivable only). See Mendez , 138 S.W.3d at 342. We decline to so hold.
The United States Supreme Court squarely rejected a similar argument under the federal rules, holding that breach of a plea agreement constitutes error that may be forfeited. See Puckett v. U.S. , 556 U.S. 129, 141, 129 S.Ct. 1423, 1432, 173 L.Ed.2d 266 (2009). Specifically, the Court concluded: "breach of a plea deal is not a 'structural' error as we have used that term. We have never described it as such, and it shares no common features with errors we have held structural. A plea breach does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence, it does not defy analysis by 'harmless-error' standards by affecting the entire adjudicatory framework, and the difficulty of assessing the effect of the error is no greater with respect to plea breaches at sentencing than with respect to other procedural errors at sentencing, which are routinely [forfeitable and thus, under the federal standard,] subject to harmlessness review." Id. (internal quotation marks and citations omitted).
This reasoning is persuasive under Texas law. Texas has never held breach of a plea agreement to be a violation of a systemic requirement or waivable-only right. To the contrary, in concluding that a defendant preserved his breach-of-the-plea-agreement argument for review when he filed a motion for new trial on this basis, the Court of Criminal Appeals emphasized that the defendant had raised the issue in the trial court "as soon as the error could be cured." See Bitterman , 180 S.W.3d at 144.[2]
*738 An application of Marin leads to the conclusion that an alleged breach of a plea agreement is forfeitable. Marin instructs us to consider, in deciding which category applies, the respective "dut[ies]" faced by trial judges and litigants in our adversarial adjudicatory system. Proenza, 541 S.W.3d at 796-97, 2017 WL 5483135, at *7 (quoting Marin , 851 S.W.2d at 280 ). Thus, "the question of whether [the State breaching a plea agreement] is a category-three forfeitable right under Marin turns upon whether the trial judge has an independent duty to ensure compliance with [the plea agreement], or whether compliance need be given only upon partisan request." Id. ("[T]he responsibility of asserting forfeitable rights belongs to the litigants, and not the trial judge." Conversely, "[w]hen it comes to non-forfeitable rights, the legal responsibility of assuring compliance with these rights falls squarely upon the trial judge.").
Texas law does not require a trial court to sua sponte remedy a State's purported breach of a plea agreement. See, e.g. , Martinez , 159 S.W.3d at 656 ; see also Mendez , 138 S.W.3d at 338-342, 350 (although defendant has right to, in timely fashion, change his plea to not guilty when evidence is inconsistent with guilt, trial court has no duty to sua sponte change the plea: once a defendant has made a valid waiver of his rights in pleading guilty, "it is appropriate that the defendant be required to take some affirmative action to don the armor again"). The Court of Criminal Appeals has concluded that a defendant must preserve or risk forfeiture of an alleged error concerning whether the trial court should have withdrawn a defendant's guilty plea. See Mendez , 138 S.W.3d at 338-342. Similarly, the Court of Criminal Appeals has deemed forfeitable a defendant's entitlement to withdraw his guilty plea when the defendant argues that the judge improperly participated in plea negotiations. See Moore v. State, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009).
Likewise, in a recent case addressing a plea agreement and forfeiture, both the majority and dissent approached the case with an understanding that the plea-related arguments at issue could be forfeited. The Court of Criminal Appeals explained: "even if the objection at sentencing had been timely, Appellant's complaint on appeal does not comport with the objection that was made.... Because the complaint on appeal does not comport with either of the trial objections, nothing is presented for review." Hallmark v. State, 541 S.W.3d 167, 171, No. PD-1118-16, 2017 WL 5180524, at *3 (Tex. Crim. App. Nov. 8, 2017) (defendant "forfeited any complaint about the trial judge's participation in the plea negotiations"), see also id. at 185-86, at *14 (Walker, J., dissenting) (explaining that dissenters would have held that appellant preserved claim that court did not allow her to withdraw guilty plea).
The reasoning in those cases applies here. We hold that alleged error constituting a purported breach of a plea agreement must be preserved for appellate review. See Proenza , 541 S.W.3d at 796-97, 2017 WL 5483135, at *7-9 ; Hallmark , 541 S.W.3d at 171-72, 2017 WL 5180524, at *3 ; Bitterman , 180 S.W.3d at 144 ; Moore, 295 S.W.3d at 333 ; Mendez , 138 S.W.3d at 338-342 ; see also Martinez , 159 S.W.3d at 656 (addressing breach of plea agreement argument and concluding issue had not been preserved for review).[3]
*739 Finally, Joyner cannot escape this result by couching his claim as one for prosecutorial misconduct. We have held that a claim of prosecutorial misconduct may be forfeited if not raised below. See Patterson , 496 S.W.3d at 929 ; Hajjar , 176 S.W.3d at 566.[4]
Joyner was required to comply with Rule 33.1 to preserve his appellate complaint. Because he failed to do so, we overrule Joyner's five issues.
Conclusion
We affirm the trial court's judgment.
Jennings, J., concurring in judgment only.
CONCURRING OPINION

The Court of Criminal Appeals explained: "[I]f a judicial comment is found to be errorless or insignificant in the context of a particular trial, that is a good reason to conclude that any resulting claim of error should be denied on its merits or else declared harmless-it is not a good reason to say that the claim was never preserved in the first place." Proenza v. State, 541- S.W.3d 786, 800, No. PD-1100-15, 2017 WL 5483135, at *9 (Tex. Crim. App. Nov. 15, 2017).

Because it concluded that appellant properly raised the issue below, the Bitterman court did not address the issue of whether an alleged breach of a plea agreement may be raised for the first time on appeal.

Joyner also argues that he preserved his complaint by filing an objection regarding the allegedly breached agreement while the case was on remand from this court to the trial court to obtain a corrected certification of appeal. But the case was not remanded for that purpose (objecting to an alleged breach of a plea agreement) and therefore Joyner's objection was outside the scope of the remand. Joyner cannot belatedly revive his argument after failing to properly preserve it in the first instance. See Tex. R. App. P. 33.1 ; Bitterman v. State , 180 S.W.3d 139, 144 (Tex. Crim. App. 2005).

We see no contention here that there was "serious and continuing prosecutorial misconduct that undermines the reliability of the factfinding process or, even worse, transforms the trial into a farce and mockery of justice ... resulting in deprivation of fundamental fairness and due process of law[.]" Rogers v. State , 725 S.W.2d 350, 360 (Tex. App.-Houston [1st Dist.] 1987, no pet.) (emphasis omitted).